UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

JORGE TLATEPLA,

    Petitioner,

    -against-

HAROLD GRAHAM, SUPERINTENDENT OF
Auburn Correctional Facility,

    Respondent.
-------------------------------------X

ORDER ADOPTING REPORT
AND RECOMMENDATION

15-cv-7691 (NSR) (LMS)

NELSON S. ROMÁN, United States District Judge:

    Petitioner, Jorge Tlatepla ("Petitioner" or "Tlatepla"), proceeding *pro se,* filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2011 judgment of conviction for, *inter alia,* Attempted Murder in the Second Degree. (ECF No.2). Now pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Lisa Margaret Smith, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied in its entirety. Petitioner has not filed an objections to the R & R. For the following reasons, the Court adopts the R & R, and the petition is DENIED.

## BACKGROUND

    The Court presumes familiarity with the factual and procedural background of this case.

    Following a jury trial in New York Supreme Court, Westchester County, Petitioner was convicted of Attempted Murder in the Second Degree (N.Y. Penal Law §§ 110/125.25[1]), two counts of Criminal Use of a Firearm in the First Degree (N.Y. Penal Law §§ 265.09[1(a)], [1(b)], and Assault in the First Degree (N.Y. Penal Law § 120.10[1]). Petitioner was sentenced to four concurrent determinate terms of imprisonment of fifteen (15) years. Petitioner appealed his conviction to the intermediate appellate court, N.Y.S. Supreme Court, Appellate Division, Second Dept. ("Appellate

Division") , on five grounds: ineffective assistance of counsel at the suppression hearing; ineffective assistance of counsel at trial; error on the part of the trial court's failure to suppress witness Cruz's in-court identification; failure to prove guilt beyond doubt and the verdict was against the weight of the evidence; and deprivation of Petitioner's due process rights due to the trial court's failure to grant a one-day adjournment of the suppression hearing. (See, ECF No. 10, Exh. 6). On May 28, 2013, the Appellate Division affirmed Petitioner's judgement of conviction. See *People v. Tlatepla*, 107 A.D.3d 1022 (2nd Dept. 2013). The Appellate Division concluded the trial court properly denied Petitioner's motion to suppress identification testimony, Petitioner's legal sufficiency claim was unpreserved, the verdict was not against the weight of the evidence, Petitioner received meaningful legal representation, and Petitioner's remaining contentions lacked merit. *Id*. Subsequently, Petitioner sought leave to appeal to the N.Y.S. Court of Appeals ("Court of Appeals"), the state's highest court. Petitioner's main contentions centered on claims of ineffective assistance of counsel at the pre-trial suppression hearing and trial. By order dated August 1, 2014, the Court of Appeals denied Petitioner leave to appeal. *People v. Tlatepla*, 23 N.Y.3d 1068 (2014).

Petitioner filed the instant petition on September 29, 2015, wherein he asserts that he was denied effective assistance of counsel at the suppression hearing and trial; and the court erred in denying Petitioner's motion to suppress witness Cruz' identification testimony.[1] (ECF No. 2). Respondents opposed the motion on the basis that Petitioner's contentions were previously rejected on the merits by the Appellate Division on state law grounds and application of law was objectively a reasonable application and interpretation of federal law(s). (ECF No. 10, Exh. 1). Petitioner submitted a reply to Respondents'opposition wherein he included all five grounds which he asserted on direct appeal to the Appellate Division. (ECF No. 16).

# STANDARDS OF REVIEW

**Federal Habeas Review of a State Court Decision**

"Habeas review is an extraordinary remedy." *Bousley v. United States,* 523 U.S. 614, 621 (1998). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). When a claim has been adjudicated on the merits and its disposition reduced to judgment in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

**Review of a Magistrate Judge's R & R**

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). When a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file

---

[1] In his petition, Petitioner only raises two grounds for challenging his conviction.

written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2)–(3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee's note on 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, the R & R was issued on August 5, 2019 and a copy was forwarded to Petitioner via the mail on the same date. The deadline for filing an objection to the R & R was August 22, 2019, on the basis that Petitioner was notified of the magistrate judge's R & R via mail. [2] Because Petitioner failed to file an objection, the Court has reviewed MJ Smith's R & R for clear error and has found none. As MJ Smith noted, Petitioner's claim of ineffective assistance of counsel failed to meet the requisite standard pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner failed to demonstrate that counsel's representation at the suppression hearing and trial was "fundamentally defective." *Id.* at 669. The Court also determined the out of court identification by Cruz, including the subsequent single-photo display of the Petitioner, which was determined to be confirmatory in nature, was not unduly suggestive. See *Brisco v. Ercole*, 565 F.3d 80, 89 (2d Cir. 2009). Accordingly, for all the

4

reasons given in the R & R, the Court determines there were no federal constitutional errors.

## CONCLUSION

The Court adopts MJ Smith's R & R in its entirety. The petition for a writ of habeas corpus is denied. The Clerk of Court is respectfully directed to terminate the action, mail a copy of this opinion to Petitioner at his last known address, and to show proof of service on the docket.

Dated: September 20, 2019
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[2] Petitioner was granted an additional three (3) days pursuant to Fed. R. Civ. P. § 6(d).